UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

| | |
|---|---|
| JULIE A. SU, )<br>Acting Secretary of Labor, )<br>United States Department of Labor )<br>)<br>     *Plaintiff*, )<br>) Civil Action No. 9:23-cv-80505-RLR<br>  v. )<br>)<br>MEDI-WHEELS OF THE PALM BEACHES, )<br>INC., )    **AMENDED**<br>)    **COMPLAINT**<br>   *Defendant*. )  **(Injunctive Relief Sought)** | |

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, brings this action under Section 217 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (FLSA), to enjoin and restrain Defendant Medi-Wheels of the Palm Beaches, Inc. (Medi-Wheels) from violating 29 U.S.C. §§ 215(a)(2) and 215(a)(5), including: (a) the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to Medi-Wheels' employees and (b) the restraint of any failure to make, keep, and preserve records of the persons employed by Medi-Wheels, including records of the wages, hours-worked, and other employment conditions and practices maintained by Medi-Wheels; and under Section 216 of the FLSA, 29 U.S.C. § 216, to recover unpaid minimum wages and overtime compensation, and an award of an equal amount as liquidated damages, owed to certain employees of Medi-Wheels, who, at a minimum, include the individuals listed in the attached Amended Appendix A.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under 29 U.S.C. §§ 216 and 217, and

28 U.S.C. §§ 1331 and 1345, to enjoin violations of the FLSA, restrain the withholding of back wages due under the FLSA, and award additional amounts equal to back wages due as liquidated damages.

2.      Venue lies in the United States District Court, Southern District of Florida, under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## DEFENDANT

3.      Medi-Wheels is a Florida corporation licensed to do business in Florida, with its principal place of business at 3040 Lake Shore Drive, Apt. 804, West Palm Beach, FL 33404.

## MEDI-WHEELS IS AN ENTERPRISE ENGAGED IN COMMERCE

4.      At all relevant times, Medi-Wheels engaged in related activities performed either through unified operation or common control for a common business purpose, which constitutes an enterprise under 29 U.S.C. § 203(r).

5.      These activities included providing emergency (ambulatory) and non-emergency medical transportation services to clients/patients, in furtherance of Medi-Wheels' business purpose, under 29 U.S.C. § 203(r).

6.      At all relevant times, Medi-Wheels employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, including motor vehicles used daily to transport patients to and from medical appointments and electronic tablets used daily to track the client/patient lists.

7.      At all relevant times, Medi-Wheels had an annual gross volume of sales made or business done of not less than $500,000.00.

8. Therefore, Medi-Wheels is an enterprise engaged in commerce or in the production of goods for commerce, under 29 U.S.C. § 203(s)(1)(A).

## THE DRIVERS ARE EMPLOYEES UNDER THE FLSA

9. Medi-Wheels provides medical transportation services to its clients in Palm Beach County, Florida, South Florida, and West Coast Florida.

10. To fulfill its client obligations, Medi-Wheels uses drivers that it classifies and treats as independent contractors.

11. Despite their misclassification as independent contractors, these drivers are entitled to the protections guaranteed by the FLSA, because they are employees of Medi-Wheels.

12. These drivers are integral to the transportation services that Medi-Wheels provides, as these drivers allow Medi-Wheels to provide the non-emergency transportation services that it promises to deliver to its clients.

13. The drivers are hired, fired, and supervised by management personnel for Medi-Wheels and are charged a fee if they are late to pick up a client/patient.

14. The drivers are paid by the mile for assignments doled out by Medi-Wheels. There is little to no opportunity for additional income or profit through the exercise of managerial skill or increased efficiency in the manner or means of accomplishing the work.

15. Medi-Wheels trains and instructs the drivers on how to adequately perform their driver services and assigns the drivers to pick up specific clients for medical appointments.

16. Medi-Wheels determines the rate and method of payment for the driver services and there is no negotiation; Medi-Wheels does not keep track of the drivers' hours-worked and does not pay the drivers an overtime rate for hours worked over forty in a work week.

17. Medi-Wheels requires the drivers to purchase and wear a shirt with the company logo and requires the drivers to purchase and carry first-aid kits and magnetic signs in their vehicles.

18. Medi-Wheels makes deductions from the drivers' weekly pay to cover items primarily for the benefit of the employer, such as lease and license fees.

19. In some weeks, these deductions drive the drivers' hourly rates below the applicable minimum wage rate, in violation of 29 U.S.C. §§ 206 and 215(a)(2).

**MEDI-WHEELS VIOLATED THE FLSA'S MINIMUM WAGE PROVISIONS**

20. Since at least June 20, 2020, through December 1, 2022, Medi-Wheels repeatedly violated 29 U.S.C. §§ 206 and 215(a)(2) by employing employees, including drivers that transport clients/patients to and from medical appointments, in an enterprise engaged in commerce or in the production of goods for commerce and failing to pay such employees the applicable minimum hourly wage rate.

21. As a result of the conduct described in Paragraphs 9-19, Medi-Wheels misclassified the drivers identified in the attached Amended Appendix A, as well as other employees that are not yet known to the Secretary, as independent contractors, and failed to pay them the applicable minimum hourly wage rate for all hours worked.

**MEDI-WHEELS VIOLATED THE FLSA'S OVERTIME PROVISIONS**

22. Since at least June 20, 2020, through December 1, 2022, Medi-Wheels repeatedly violated 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including drivers that transport clients/patients to and from medical appointments, in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating

such employees for their hours-worked in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

23. As a result of the conduct described in Paragraphs 9-19, Medi-Wheels misclassified the drivers identified in the attached Amended Appendix A, as well as other employees that are not yet known to the Secretary, and failed to pay them the applicable overtime rate for hours worked over 40 in a workweek when the employees routinely worked more than 40 hours in a workweek.

### MEDI-WHEELS VIOLATED THE FLSA'S RECORDKEEPING PROVISIONS

24. Since at least June 20, 2020, through December 1, 2022, Medi-Wheels repeatedly violated 29 U.S.C. §§ 211 and 215(a)(5), and 29 C.F.R. § 516, by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them, as required.

25. Medi-Wheels failed to keep and preserve payroll records for all employees for at least three years, including records showing employees' full names, home addresses, dates of birth, sex, occupations, time and day of the start of their workweek, regular hourly rates of pay, hours worked each day and each workweek, total weekly straight time earnings, total weekly overtime premium pay, total additions to or deductions from wages, total wages paid per pay period, and dates of payments and periods covered by payment, as required under 29 C.F.R. §§ 516.2(a) and 516.5(a).

### PRAYER FOR RELIEF

Wherefore, cause having been shown, the Secretary prays for judgment against Medi-Wheels providing the following relief:

(1) For an Order issued under 29 U.S.C. § 217, permanently enjoining and restraining Medi-Wheels, its officers, agents, servants, employees, and all persons in active concert or participation with Medi-Wheels who receive actual notice of any such Order, from violating 29 U.S.C. §§ 215(a)(2) and 215(a)(5), including the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees (regardless of whether the employees are named in the Amended Appendix A or not);

(2) For an Order issued under 29 U.S.C. § 216, finding Medi-Wheels liable for unpaid minimum wage and overtime compensation, as well as an award of an equal amount as liquidated damages, due to:

(a) Medi-Wheels' current and former employees listed in the attached Amended Appendix A for the period from at least June 20, 2020, through December 1, 2022;

(b) Medi-Wheels' current and former employees listed in the Amended Appendix A for violations continuing after December 1, 2022, through the present; and

(c) Medi-Wheels's current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to the Amended Appendix A;

(3) For an Order of prejudgment interest on all amounts found to be owed by Defendant Medi-Wheels under Section 217 of the Act, computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621; and

(4) For such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted on October 27, 2023,

Address:

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

(404) 302-5449 (Phone)
(404) 302-5438 (Fax)
chastain.lydia.j@dol.gov
lomax.emma.l@dol.gov
atl.fedcourt@dol.gov

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

JEREMY K. FISHER
Counsel

BY: *s/Lydia J. Chastain*
    LYDIA J. CHASTAIN
    Senior Trial Attorney
    Special Bar No. A5501398

EMMA L. LOMAX
Trial Attorney
Special Bar No. A5502994

*Counsel for Acting Secretary of Labor,
United States Department of Labor.*

SOL Case No. 22-00245