**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division**

JULIE A. SU,
Acting Secretary of Labor,
United States Department of Labor,

**Case No. 9:23-cv-80505-RLR**

     Plaintiff,

vs.

MEDI-WHEELS OF THE PALM
BEACHES, INC.,

     Defendant.

_____/

**DEFENDANT'S AMENDED VERIFIED ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

     Defendant, MEDI-WHEELS OF THE PALM BEACHES, INC. ("Defendant" or "Medi-Wheels"), by and through its undersigned counsel, pursuant to applicable Federal Rules of Civil Procedure, hereby serves these Amended Verified Answers to Plaintiff's First Set of Interrogatories and states as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1**: Describe, in detail, the facts supporting your denial that during the relevant period, Medi-Wheels engaged in related activities performed either through unified operation or common control for a common business purpose, including providing emergency (ambulatory) and non-emergency medical transportation services to clients/patients, in furtherance of your business purpose and identify all documents that support your position.

**ANSWER**:

Defendant's understanding of this interrogatory is that it relates to the definition of "Enterprise" under 29 U.S.C. § 203(r)(1), which "shall not include the related activities performed for such enterprise by an independent contractor." Because Defendant contends that the drivers at issue were all independent contractors (for reasons set forth below), it denied the allegation. Notwithstanding the foregoing, Defendant does not dispute enterprise coverage.

**INTERROGATORY NO. 2**: Describe, in detail, the facts supporting your denial that during the relevant period, Medi-Wheels employed employees engaged in commerce or in the production of

goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including motor vehicles used daily to transport patients to and from medical appointments and electronic tablets used daily to track the client/patient lists and identify all documents that support your position.

**ANSWER**:

Defendant contends that the drivers at issue were all independent contractors (for reasons set forth below). Therefore, Defendant denied the allegation. Notwithstanding the foregoing, Defendant does not dispute enterprise coverage.

**INTERROGATORY NO. 3**: Describe, in detail, the facts supporting your denial that during the relevant period, the drivers employed by Medi-Wheels that provided the non-emergency transportation services that you delivered to your clients were employees under the FLSA and identify all documents that support your position.

**ANSWER**:

Defendant contends that the drivers at issue were properly classified as independent contractors for the numerous reasons set forth in defense counsel's November 17, 2021 letter to Ileana Bachelier, attached hereto as **Ex. 1**. The documents supporting this position have been identified in Defendant's Initial Disclosures.

**INTERROGATORY NO. 4**: Describe, in detail, the facts supporting your denial that during the relevant period, Medi-Wheels repeatedly violated the minimum wage provisions of the FLSA by employing employees, including drivers that transported clients/patients to and from medical appointments, and failing to pay such employees the applicable minimum hourly wage rate and identify all documents that support your position.

**ANSWER**:

Defendant contends that the drivers at issue were properly classified as independent contractors for the numerous reasons set forth in defense counsel's November 17, 2021 letter to Ileana Bachelier, attached hereto as **Ex. 1**. If Defendant's contention is correct, the drivers were not subject to the minimum wage provisions of the FLSA. Additionally, even assuming that the drivers were employees, Defendant has produced data (the Grayco data) regarding the drivers' trips that, coupled with the pay information previously produced, Defendant believes will show that the drivers at issue earned at least the federal minimum wage at all relevant times.

**INTERROGATORY NO. 5**: Describe, in detail, the facts supporting your denial that during the relevant period, Medi-Wheels repeatedly violated the overtime pay provisions of the FLSA by employing employees, including drivers that transported clients/patients to and from medical appointments, and failing to pay such employees at rates not less than one and one-half times the regular rates at which they were employed for their hours worked in excess of 40 hours in a workweek and identify all documents that support your position.

**ANSWER**:

Defendant contends that the drivers at issue were properly classified as independent contractors for the numerous reasons set forth in defense counsel's November 17, 2021 letter to Ileana Bachelier, attached hereto as **Ex. 1**. If Defendant's contention is correct, the drivers were not subject to the overtime provisions of the FLSA. Defendant has produced independent contractor agreements and 1099s that bear upon this question, and will be producing text messages that also support Defendant's assertion that the drivers were independent contractors. Defendant has also produced data (the Grayco data) regarding the drivers' trips that, coupled with the pay information previously produced, Defendant believes will show that the drivers often did not work more than 40 hours per week.

**INTERROGATORY NO. 6**: Describe, in detail, the facts supporting your denial that during the relevant period, Medi-Wheels repeatedly violated the recordkeeping provisions of the FLSA by failing to keep and preserve payroll records for all employees for at least three years, including records showing employees' full names, home addresses, dates of birth, sex, occupation, time and day of the start of their workweek, regular hourly rates of pay, hours worked each date and each workweek, total weekly straight time earnings, total weekly over premium pay, total additions to or deductions from wages, total wages paid per pay period, and dates of payments and periods covered by payment and identify all documents that support your position.

**ANSWER**:

Defendant contends that the drivers at issue were properly classified as independent contractors for the numerous reasons set forth in defense counsel's November 17, 2021 letter to Ileana Bachelier, attached hereto as **Ex. 1**. If Defendant's contention is correct, the drivers were not subject to the recordkeeping provisions of the FLSA. Defendant has produced independent contractor agreements and 1099s that bear upon this question, and will be producing text messages that also support Defendant's assertion that the drivers were independent contractors.

**INTERROGATORY NO. 7**: Identify every person you intend to call as a witness at the trial of this matter and provide a summary of the testimony expected to be elicited from each person.

**ANSWER**:

Defendant has not yet determined which persons it intends to call as a witness at the trial of this matter. Defendant will disclose its list of trial witnesses in accordance with the Court's pretrial order.

**INTERROGATORY NO. 8**: Identify all documents, data compilations, photographs, drawings, diagrams, videos, notes, statements, and other tangible items in Medi-Wheels' possession, custody, or control that are relevant to the allegations in the Secretary's Complaint or the defenses and affirmative defenses in your Answer.

**ANSWER**:

Defendant objects to the request to separately identify each such responsive document as unduly burdensome and disproportionate to the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to this objection, Defendant states that it has identified, by category, in its Initial Disclosures the documents it believes to be relevant to this case. Defendant has agreed to produce other documents in response to Plaintiff's Request for Production that may be relevant to the allegations in the Secretary's Complaint or Defendant's defenses and affirmative defenses in Defendant's Answer.

**INTERROGATORY NO. 9**: Describe, in detail, the facts upon which you rely to support your affirmative defense that the drivers at issue were exempt from the overtime provisions of the FLSA as drivers employed by an employer in the business of operating taxicabs and identify all documents that support your position.

**ANSWER**:

The FLSA exempts from its overtime pay requirements "any driver employed by an employer engaged in the business of operating taxicabs . . . ." 29 U.S.C. § 213(b)(17). However, neither the FLSA nor the Code of Federal Regulations defines the phrase "the business of operating taxicabs." And while exemptions under the FLSA used to be construed narrowly against the employer, in 2018 the United States Supreme Court ruled "there is no reason to give [them] anything other than a fair (rather than a 'narrow') interpretation. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). Given the lack of a definition of "the business of operating taxicabs," and for some of the reasons forth in defense counsel's November 17, 2021 letter to Ileana Bachelier, attached hereto as **Ex. 1**, Defendant contends that, as to the drivers at issue, Defendant was in "the business of operating taxicabs." Like taxicab drivers, the drivers at issue received driving assignments from a dispatcher and accepted or rejected work based on their own decisions as to whether they wanted to work, whether they were available, and whether the rates being paid for Medi-Wheels work compared favorably to other options. Like taxicab drivers, the drivers at issue were not guaranteed any level of work. Like taxicab drivers, the drivers at issue pay a license fee to operate. Like taxicab drivers, the drivers at issue understood that they were being engaged as independent contractors. Like taxicab drivers, the majority of the drivers supplied their own vehicle and purchased their own fuel.  Like taxicab drivers, most of the drivers at issue invested in their own vehicles and made decisions regarding what type of vehicle to purchase, whether to improve their vehicles with such things as seat covers, and how often to maintain or replace their vehicles. Like taxicab drivers, the drivers at issue were free to (and sometimes did) offer their driving services to the general public, including at local airports.

**INTERROGATORY NO. 10**: Describe, in detail, the facts upon which you rely to support your affirmative defense that Medi-Wheels is not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254 and identify all documents that support your position.

**ANSWER**:

Defendant believes that the Secretary's estimate of hours worked by the drivers at issue may include preliminary or postliminary activities that are not compensable. Defendant is not aware of any documents that support this defense other than the Grayco data, which allows one to estimate the number of hours actually worked by the drivers.

**INTERROGATORY NO. 11**: State all facts, identify all persons with relevant knowledge, and identify all documents that support your position that the Secretary's back wage computations for the relevant period are incorrect.

**ANSWER**:

With respect to persons with relevant knowledge, Defendant states:

A. Dominick Tocci, CFO – c/o Defendant's counsel
B. Mariela Vega, President/Owner – c/o Defendant's counsel
C. Michael Stone, Dispatcher – 239-888-0870
D. Pedro Vargas Martin, Dispatcher – 561-267-5824
E. Elisha (Nikki) Allen, Dispatcher – 561-891-4969
F. Diana Otegui, Dispatcher – 561-267-5824
G. Medi-Wheels drivers
H. Records Custodian Grayco Systems
   201 Campbell Loop Hattiesburg, MS 39401 (601) 583-0430

In addition to the list of drivers previously produced (Exhibit A to Defendant's Initial Disclosures), Defendant discloses the following persons with relevant knowledge:

- Querishi Wagas 561-324-5342
- Elisha Allen 561-891-4969
- Berice Charles 561-290-3108
- Luis Cortez 786-760-9048
- Lismany Laguardia 305-303-8413
- Jarelis Merced 239-271-4124
- Osvaldo Perez Fornaris 402-405-9258
- Sayed Seraj 561-307-9713
- Michael Stone 239-888-0870
- Vervet Stone 239-888-0870
- Telcy Fendenel 561-467-9508

5

With respect to Defendant's position that the Secretary's back wage computations for the relevant period are incorrect, Defendant will be producing data from Grayco systems that allows for an estimate of hours worked. Coupled with the pay records already produced, these records allow for an estimate of each worker's regular rate of pay during each workweek, and overtime pay owed to the workers (assuming *arguendo* that the workers were employees), which Defendant contends will be substantially less than the Secretary's computations.

**INTERROGATORY NO. 12**: For every affirmative defense identified in Medi-Wheels' Answer to the Secretary's Complaint, not otherwise addressed by these Interrogatories, state all facts, identify all persons with relevant knowledge, and identify all documents that support each affirmative defense.

**ANSWER**:

*3.        Defendant is not subject to liability under the FLSA for any alleged failure to pay overtime compensation for periods of time in which Defendant did not know or have reason to know that the drivers at issue were working.*

Defendant believes that the Secretary's estimate of hours worked by the drivers at issue may include periods of time in which Defendant did not know or have reason to know that the drivers at issue were working. For example, if the Secretary's estimate of hours worked includes several hours during the day in which the drivers were relieved of all duties, it is Defendant's position that the drivers were not working during this time, or at the very least that Defendant did not know or have reason to know that the drivers at issue were working. Defendant is not aware of any documents that support this defense other than the Grayco data, which allows one to estimate the number of hours actually worked by the drivers.

*5.        All or part of the time which Plaintiff seeks compensation on behalf of the drivers does not constitute compensable working time, including all meal periods in accordance with 29 C.F.R. § 785.19.*

Defendant believes that the Secretary's estimate of hours worked by the drivers at issue may include periods of time in which the drivers were relieved of all duties during a bona fide meal period. It is Defendant's position that the drivers were not working during this time. Defendant is not aware of any documents that support this defense other than the Grayco data, which allows one to estimate the number of hours actually worked by the drivers.

*6.        Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of the drivers, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.*

Defendant believes that the Secretary's estimate of hours worked by the drivers at issue may include insubstantial or insignificant periods beyond the drivers' actual driving time – for example, responding to a text message or a telephone call regarding a scheduling issue. It is Defendant's

position that as a practical administrative matter such time cannot be recorded precisely for payroll purpose, is de minimis, and may be properly disregarded. Defendant is not aware of any documents that support this defense other than the Grayco data, which allows one to estimate the number of hours actually worked by the drivers.

7.      *Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, 29 U.S.C. § 255.*

Because the Secretary is seeking to recover wages based upon a two-year (rather than a three-year) statute of limitations, Defendant concedes that this defense is inapplicable.

**INTERROGATORY NO. 13**: Identify all actions Medi-Wheels took, including the identity of all persons consulted, to determine whether your practices and policies for employee recordkeeping, employee timekeeping, employee classification, and employee compensation complied with the FLSA during the relevant period.

**ANSWER**:

With respect to its employees, Medi-Wheels confirmed with the DOL investigator that it was in compliance with the FLSA. With respect to its independent contractor drivers, Defendant did not consult with any third party to determine whether its classification of the drivers was correct.

**INTERROGATORY NO. 14**: Identify all categories of deductions that were taken from the pay of the drivers identified in the Appendix A attached to the Secretary's Complaint during the relevant period, including how often these deductions were made, the amount of the deductions, and the justification/basis for making the deductions, and identify all documents that support your position that these deductions were appropriate under the FLSA.

**ANSWER**:
Defendant deducted a lease fee and a voucher fee from the driver's compensation. Drivers also had the option of buying certain items from Defendant (e.g., a fire extinguisher) that were required by the client's contract; the cost of those items were deducted from drivers' pay to reimburse the company. Occasionally, drivers also had deductions taken to reimburse the company for liquidated damages the company was subject to based on the driver's non-compliance with guidelines under the company's client contracts. Some drivers also had deductions taken from their pay to acquire their vehicle through weekly payments pursuant to a contract with Mike Longobardi. With respect to documents that support Defendant's position that these deductions were appropriate under the FLSA, Defendant refers Plaintiff to the same documents that Defendant has identified as relevant to its classification of the drivers as independent contractors.

**INTERROGATORY NO. 15**: Identify the individual(s) responsible for hiring, firing, assigning work, scheduling work for drivers, and supervising the work of the employees identified in the Appendix A attached to the Secretary's Complaint during the relevant period. For each individual, provide his/her name, job title, work address, work telephone number, last known home address, last known home telephone number, last known mobile telephone number, last known personal

email address, and the name of the employee for whom he or she was responsible for hiring, firing, assigning work, scheduling work, and supervising.

**ANSWER**:

    A.  Dominick Tocci, CFO – c/o Defendant's counsel – Had hiring and firing authority
    B.  Mariela Vega, President/Owner – c/o Defendant's counsel – Had hiring and firing authority
    C.  Michael Stone, Dispatcher – c/o Defendant's counsel – Had hiring and firing authority, and assigned and scheduled work
    D.  Pedro Vargas Martin, Dispatcher – c/o Defendant's counsel – Assigned and scheduled work
    E.  Elisha (Nikki) Allen, Dispatcher – c/o Defendant's counsel – Assigned and scheduled work
    F.  Diana Otegui, Dispatcher – c/o Defendant's counsel – Assigned and scheduled work

None of the foregoing individuals supervised the drivers. The drivers all performed their jobs free from direct supervision.

**INTERROGATORY NO. 16**: Identify every employee/worker that Medi-Wheels hired during the relevant period to provide non-emergency transportation services, including the individual's full name, job title for all positions held, job duties, job classification, work schedule, supervisor, date of hire, date of separation, regular rate of pay, overtime rate of pay, work address, last known address, last known telephone number, and last known email address.

**ANSWER**:

With respect to the names, telephone numbers, and last known email addresses of such workers and their date of hire and date of separation, Defendant refers Plaintiff to the spreadsheet and roster already produced. Defendant agrees to supplement this information if appropriate upon further inspection of its records. All the workers were drivers. They were not formally supervised and did not have a set work schedule. All of the drivers at issue were classified as independent contractors and, thus, did not receive overtime pay.

**INTERROGATORY NO. 17**: If Medi-Wheels claims that the time spent between client/patient pick-ups and drop-offs is non-compensable time under the FLSA for the drivers identified in the Appendix A attached to the Secretary's Complaint, state all facts, identify all persons with knowledge, and identify all documents that support your position.

**ANSWER**:

Defendant agrees to produce data obtained from Grayco Systems regarding the trips that the drivers made that, coupled with other documents Defendant will be producing, will show that the drivers sometimes spent long periods of time between client/patient pick-ups and drop-offs during which they were completely relieved of duty and could use the time effectively for their own purposes. The following individuals have knowledge of this:

    A.  Dominick Tocci, CFO – c/o Defendant's counsel
    B.  Mariela Vega, President/Owner – c/o Defendant's counsel

   C.  Michael Stone, Dispatcher – c/o Defendant's counsel
   D.  Pedro Vargas Martin, Dispatcher – c/o Defendant's counsel
   E.  Elisha (Nikki) Allen, Dispatcher – c/o Defendant's counsel
   F.  Diana Otegui, Dispatcher – c/o Defendant's counsel
   G.  Medi-Wheels drivers

**INTERROGATORY NO. 18**: Identify all contracts that Medi-Wheels required the drivers identified in the Appendix A attached to the Secretary's Complaint to sign during the relevant period, including the length of those contracts, the substance of those contracts, and what, if any, consequences existed if the drivers refused to sign the contracts.

**ANSWER**:

The only contract that Medi-Wheels required the drivers identified in the Appendix A attached to the Secretary's Complaint to sign during the relevant period were the Owner/Operator License Agreements, which were previously produced. With respect to length of those contracts and the substance of those contracts, Defendant refers Plaintiff to the contracts. No one refused to sign the contracts. However, if a driver had refused to sign the contract, Defendant would not have engaged the driver as an independent contractor.

**INTERROGATORY NO. 19**: Identify the percentage of Medi-Wheels' annual gross income derived from the non-emergency transportation services provided by the drivers identified in the Appendix A attached to the Secretary's Complaint during the relevant period.

**ANSWER**:

2020: 21%
2021: 36%
2022: 24%
2023: 0%

**INTERROGATORY NO. 20**: Identify the application used by Medi-Wheels during the relevant period to track and record the pick-up and drop-off dates, locations, and times for clients/patients that were transported to non-emergency medical appointments by the drivers identified in the Appendix A attached to the Secretary's Complaint, including the name of the app, the host of the app, and the service provider of the app.

**ANSWER**:

The application is called Transitrak, which is a product of Grayco Systems. Transitrak is a cloud-based application. Defendant does not know the identity of the host or service provider.

**INTERROGATORY NO. 21**: Describe, in detail, the policies, practices, and procedures that Medi-Wheels used during the relevant period to assign work schedules for picking up and dropping off clients/patients, to the drivers identified in the Appendix A attached to the Secretary's Complaint, including who provided the assignments, how the assignments were communicated to

the employees, when the assignments were communicated to the employees, how often the assignments were communicated to the employees, whether the employees could decline the assignments and what, if any, consequences the employees faced for declining an assignment.

**ANSWER**:

Defendant objects on the grounds that this interrogatory violates Fed. R. Civ. P. 33(a) which provides in relevant part that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

**INTERROGATORY NO. 22**: Describe, in detail, the qualifications needed by the drivers identified in the Appendix A attached to the Secretary's Complaint to provide non-emergency transportation services to Medi-Wheels' clients/patients during the relevant period.

**ANSWER**:

Defendant objects on the grounds that this interrogatory violates Fed. R. Civ. P. 33(a) which provides in relevant part that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

**INTERROGATORY NO. 23**: Describe, in detail, Medi-Wheels' policies, practices, and procedures for employee compensation during the relevant period, including how the regular hourly rate of pay was determined for the drivers identified in the Appendix A attached to the Secretary's Complaint, how the recordkeeping of employee hours worked was maintained, how the method of pay was determined, and how overtime pay was determined.

**ANSWER**:

Defendant objects on the grounds that this interrogatory violates Fed. R. Civ. P. 33(a) which provides in relevant part that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

**INTERROGATORY NO. 24**: Describe, in detail, Medi-Wheels' policies, practices, and procedures for training, instructing, and evaluating the drivers identified in the Appendix A attached to the Secretary's Complaint on how to adequately perform their driver services during the relevant period.

**ANSWER**:

Defendant objects on the grounds that this interrogatory violates Fed. R. Civ. P. 33(a) which provides in relevant part that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

**INTERROGATORY NO. 25**: Identify all expert witnesses that Medi-Wheels may call to testify at the hearing in this matter and provide the following information for each:
(a) Name, title, address and telephone number;

(b) Profession or occupation;

(c) Complete occupational history, including duties performed;

(d) Complete educational background;

(e) Field(s) in which he or she is an expert;

(f) The subject matter on which the expert is expected to testify, the substance of the facts and opinion to which the expert is expected to testify and a summary of the grounds for each opinion;

(g) Previous cases, including case name, docket no., and court, in which the expert has given testimony on the same or similar issues; and

(h) Books, journals, magazines, treatises, articles, lectures or other presentations in which the expert has discussed subject matter similar to that which is at issue in this case.

**ANSWER**:

Defendant objects on the grounds that this interrogatory violates Fed. R. Civ. P. 33(a) which provides in relevant part that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

Dated: October 2, 2023

/s/Richard D. Tuschman
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
2nd E-mail: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
12555 Orange Drive, 2nd Floor
Davie, Florida 33330
Telephone: (954) 369-1050
Facsimile: (954) 380-8938

/s/ Mark J. Beutler
Mark J. Beutler, Esq.
Florida Bar No. 0023400
Email:  mjb@mjbpa.com
2nd Email: jmm@mjbpa.com
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
9400 South Dadeland Blvd., Suite 600
Miami, Florida 33156
Tel. (305) 487-0942
Fax. (786) 513-4651

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document is being

served this October 2, 2023, upon the below listed addressees via e-mail.

/s/ Richard D. Tuschman
Richard D. Tuschman

## <u>SERVICE LIST</u>

SEEMA NANDA
Solicitor of Labor
TREMELLE I. HOWARD
Regional Solicitor
JEREMY K. FISHER
Counsel
LYDIA J. CHASTAIN
Senior Trial Attorney
Special Bar No. A5501398
chastain.lydia.j@dol.gov
EMMA L. LOMAX
Trial Attorney
Special Bar No. A5502994
lomax.emma.l@dol.gov
**OFFICE OF THE SOLICITOR**
**U.S. DEPARTMENT OF LABOR**
61 Forsyth Street, S.W. Room 7T10
Atlanta, GA 30303
(404) 302-5449 (Phone)
(404) 302-5438 (Fax)
atl.fedcourt@dol.gov

*Counsel for Acting Secretary of Labor,*
*United States Department of Labor*

SOL Case No. 22-00245

## **VERIFICATION**

I, DOMINICK TOCCI, in accordance with 28 U.S.C. §1746, declare under penalty of perjury that I have read the foregoing amended answers to Plaintiff's First Set of Interrogatories, and that the facts stated therein are true and correct.

BY: _Dominick Tocci_
Dominick Tocci (Sep 29, 2023 09:36 EDT)
Dominick Tocci, CFO
Medi-Wheels of the Palm Beaches, Inc.

DATE: Sep 29, 2023